IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID P. DIEHL,** | : CIVIL ACTION NO. 1:06-CV-2222 |
| Plaintiff | : |
| | : (Judge Conner) |
| v. | : |
| | : |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA,** | : |
| | : |
| Defendant | : |

## MEMORANDUM

Presently before the court is the motion of Life Insurance Company of North America ("LINA") to dismiss the claims asserted by plaintiff David P. Diehl ("Diehl"). LINA argues that the court lacks subject matter jurisdiction over Diehl's claims. For the reasons that follow, the motion will be granted.

**I.    Factual Background**

Diehl has been an employee of Electronic Data Systems ("EDS") since April 1, 2000. (Doc. 1 ¶ 11.) EDS offers a short-term disability benefit policy to its qualified full-time employees. (Id. ¶¶ 10- 11, 17.) The policy, which is administered by LINA, provides up to twenty-six weeks of fully paid leave for "medically approved absences." (Id. ¶ 18; Doc. 11, Ex. 1.)[1] The purpose of the policy is to

---

[1] The court notes that while the policy itself was not attached to the complaint, its language may be considered in deciding the instant motion to dismiss because it was referred to in the complaint and is central to Diehl's claims. See Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) (stating that documents that "the defendant attaches to the motion to dismiss *are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim*" (emphasis in original)); (see also Doc. 1.)

protect an employee's income in the event that he or she is "unable to work due to an illness, injury or pregnancy for which [he or she] is receiving appropriate care and treatment." (Doc. 11, Ex. 1.)

On May 12, 2006, Diehl was granted short-term disability benefits "due to lumbar degenerative disc disease and lumbar radiculitis." (Doc. 1 ¶¶ 19-20.) On August 2, 2006, Diehl was informed by the plan administrator that LINA was "unable to continue paying benefits beyond July 7, 2006." (Id. ¶ 21; Doc. 1, Ex. B at 1.) As a result, Diehl received approximately thirteen weeks of coverage. (Doc. 1 ¶ 22.) Diehl appealed the plan administrator's decision on September 22, 2006. (Id. ¶ 23.) On October 10, 2006, LINA denied Diehl's appeal. (Id. ¶ 24.)

On November 13, 2006, Diehl filed the instant action, alleging that LINA violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, when LINA refused to extend Diehl's short-term disability benefits beyond July 7, 2006. (See Doc. 1.) LINA filed the instant motion to dismiss, arguing that this court lacks subject matter jurisdiction over Diehl's claims. Specifically, LINA argues that the short-term disability benefit policy is not an "ERISA plan" and that, therefore, Diehl's complaint fails to present a federal question. (See Doc. 8.) The motion has been fully briefed and is ripe for disposition.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the power of a federal court to hear a claim or case. Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). In the face of a 12(b)(1) motion, the plaintiff "will have the burden of

proof that jurisdiction does in fact exist." Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006).

Motions under 12(b)(1) may take one of two forms. A "facial" attack assumes the veracity of the allegations in the complaint but argues that the pleadings fail to present an action within the court's jurisdiction. Tolan v. United States, 176 F.R.D. 507, 509 (E.D. Pa. 1998). The court should grant such a motion only if it appears with certainty that assertion of jurisdiction would be improper. Id.; Carpet Group, 227 F.3d at 69. If the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). In contrast, a "factual" attack argues that, although the pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rendering the controversy outside of the court's jurisdiction. Tolan, 176 F.R.D. at 510; see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In such circumstances, the court is both authorized and required to evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case" is at issue. Id.; Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000). Because the instant 12(b)(1) motion presents a factual attack on this court's subject matter jurisdiction, the latter standard will be used.

### III. Discussion

The question presented by the instant motion is whether the claims asserted by Diehl "arise under federal law." New Jersey State AFL-CIO v. New Jersey, 747

F.2d 891, 892 (3d Cir. 1984). In making this determination, the court must ascertain whether the short-term disability policy administered by LINA is governed by ERISA.

ERISA governs "employee welfare benefit plans," which are defined as any program that provides "benefits in the event of sickness, accident, disability, death or unemployment" to employees or to their beneficiaries. 29 U.S.C. § 1002(1); see also Delong v. Teacher's Ins. & Annuity Ass'n, No. CIV.A. 99-1384, 2000 WL 426193, at *2 (E.D. Pa. Mar. 29, 2000). While ERISA "broadly regulates employee welfare benefit plans to include those plans that provide short term disability benefits," there are several exceptions to this general rule. Schwartz v. Liberty Life Assurance Co., 470 F. Supp. 2d 511, 515 (E.D. Pa. 2007). For example, ERISA's regulations specifically exclude "payroll practices," which essentially provide for the "payment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons." 29 C.F.R. § 2510.3-1(b)(2).

The short-term disability policy administered by LINA falls within this exception to ERISA. First, the policy provides employees with their "normal compensation" during the period of time in which they are unable to work. (See Doc. 1 ¶ 18.) Second, payments pursuant to the policy are made "on account of periods of time during which the employee is physically or mentally unable to perform his or her duties." (See Doc. 11, Ex. 1 (stating that the policy provides

benefits when employees are "unable to work due to an illness, injury or pregnancy")). Finally, the policy is funded "solely by EDS," and all benefits arising from the policy are "paid out of EDS' general assets."[2] (Doc. 16, Ex. A ¶ 7.) Accordingly, the court finds that the short-term disability policy cannot be characterized as an ERISA plan. Accord Wilkes v. Elec. Data Sys. Corp., No. CIV 04-341, 2006 U.S. Dist. LEXIS 11839, at *2 n.1 (D. Ariz. Mar. 17, 2006) (stating that it is "undisputed that EDS's short-term disability program is a payroll practice and is not subject to the provisions of [ERISA]"); Tabor v. Elec. Data Sys., Inc., No. 03-70243, 2005 U.S. Dist. LEXIS 35108, at *17 (E.D. Pa. Apr. 27, 2005) (same).

## IV. Conclusion

For the foregoing reasons, LINA's motion to dismiss will be granted. An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      May 3, 2007

---

[2] The court notes that Diehl has failed to offer any evidence specifically indicating the source of funding for the short-term disability benefit plan. See Petruska, 462 F.3d at 302 (stating that the plaintiff bears the burden to prove that subject matter jurisdiction does exist); see also supra Part II.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID P. DIEHL,** | : | **CIVIL ACTION NO. 1:06-CV-2222** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA,** | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 3rd day of May, 2007, upon consideration of the motion to dismiss (Doc. 8), filed by defendant Life Insurance Company of North America, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 8) is GRANTED.

2. The Clerk of Court is directed to CLOSE this case.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge